

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2013

# In Re: Nicholas Queen

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-2050

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"In Re: Nicholas Queen " (2013). *2013 Decisions.* Paper 684.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/684

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-242                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2050
_____

IN RE:  NICHOLAS QUEEN,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:98-cv-02074)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 16, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: June 13, 2013)
_____

OPINION
_____

PER CURIAM

Nicholas Queen has filed a petition for a writ of mandamus, asking that this Court

enter an order directing the United States District Court for the Middle District of

Pennsylvania to rule on Queen's pending motion for relief from judgment filed on March

11, 2013.

Mandamus is a drastic remedy available in only the most extraordinary

circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).

"A petitioner seeking the issuance of a writ of mandamus must have no other adequate

means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). A district court has discretion in managing the cases on its docket. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35-36 (1980). Nonetheless, we have held that a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction. Madden, 102 F.3d at 79.

Queen has not demonstrated undue delay in this case. Queen's motion was filed on March 11, 2013, and Queen's petition for a writ of mandamus was filed on April 16, 2013. Queen's motion has been ripe for adjudication for a very short period of time, one that clearly does not rise to the level of undue delay and does not warrant our intervention. See id.

For the foregoing reasons, the petition will be denied.

2